**\*\*E-filed 5/9/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JON J. CORDOVA,

    Plaintiff,

  v.

CONVERGYS CORPORATION,

    Defendant.

No. C 11-0333 RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE**

## I. INTRODUCTION

Defendant Convergys Corporation moves to dismiss this employment discrimination action, contending that it was not timely filed under an employment application plaintiff Jon J. Cordova signed that purports to shorten the applicable limitations period to six months. Convergys also moves to strike Cordova's jury demand based on a waiver of the right to a jury contained in the same document. Because it cannot be determined in the context of these motions whether the document on which Cordova relies is a binding part of the employment contract, that aspect of Convergys's motion to dismiss will be denied, as will its motion to strike. The motion to dismiss also challenges the adequacy of Cordova's fraud-based claims for relief, under Rule (9)(b) of the Federal Rules of Civil Procedure. That prong of Cordova's motion will be granted, with leave to amend.

## II. BACKGROUND

Convergys provides a wide range of consulting and other services to business clients related to customer relations. Among other things, it offers outsourcing options in areas such as billings and collections, human resources, and customer support call centers. Cordova is a 51 year old Hispanic male who was hired by Convergys in 2009 as a sales director. Cordova was tasked with developing a client relationship with Apple, Inc., with the goal of obtaining a contract to provide Apple with a customer technical support call-in center based in the United States. Cordova succeeded in making an initial sale to Apple, whereby Convergys was to set up and staff a customer support center for Apple in Florida. Despite having allegedly been praised for his performance, and notwithstanding his initial success with Apple, Cordova was terminated on one day's notice in May of 2010.

Cordova alleges that he was let go as a means to avoid paying him commissions and incentives he had already earned, and future commissions that would result from expansion of Convergys' relationship with Apple. Cordova also contends that he was subjected to "racially motivated comments" from supervisors, and that he suffered discrimination and retaliation based on age, race, color, and national ancestry, as well as on his association with other individuals engaging in protected activity.

Cordova filed complaints with the EEOC and with the California Department of Fair Employment and Housing ("DFEH") shortly after his termination. He has received a "right to sue" letter from the DFEH, but his EEOC complaint is still pending. He asserts that he will amend his complaint once the EEOC issues a "right to sue" letter.

Although not mentioned in the complaint, it appears undisputed that prior to receiving an employment offer from Convergys, Cordova signed a written employment application. That document included a provision stating:

> I agree that any claim or lawsuit relating to my employment with Convergys (or any of its subsidiaries or related entities) must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations period that is longer than six (6) months.

2

The document also included the following language:

**This application Contains A Binding Jury Trial Waiver Provision That May Be Enforced By Me Or Convergys**. I understand and agree that as a condition of employment **I am waiving my right to a jury trial and I request that any trial be held solely before a judge**. I further understand that Convergys will waive its right to a jury trial. This waiver includes all claims and actions based on federal, state, or local law relating to the application process, my employment relationship, and the termination of that relationship.

(Emphasis in original.)

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Claims grounded in fraud are also subject to Rule 9(b), which provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy that rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations of law and unwarranted inferences," however,

3

"are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," are not taken as true).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

IV.  DISCUSSION

A.  The employment application

Ordinarily, a motion to dismiss under Rule 12(b)(6) must be evaluated solely on the face of the complaint, documents incorporated into the complaint by reference, and any relevant matters of which judicial notice may be properly taken. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, Convergys relies on authorities that have extended the concept of "incorporated by reference" to include documents "the authenticity of which [are] not contested, and upon which the plaintiff's complaint necessarily relies," even if they are not mentioned in the complaint at all. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The theory behind this rule is the policy concern of "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."

Under this rule, Cordova's employment application, the authenticity of which is not in serious dispute,[1] could properly be considered in the motion to dismiss *if* it forms part of his

---

[1] Cordova has objected to *consideration* of the document, and has challenged the personal knowledge of the declarant offered by Convergys regarding the circumstances under which it was executed. Cordova also points out that the document is incomplete insofar as it is only the last page of his actual employment application, although he does not suggest the omitted pages included any

4

employment contract with Convergys, from which his claims in this action arise. Cordova contends, however, that the terms of his employment, and his right to commissions, were *not* governed by this document, but by subsequent written agreements that he asserts did *not* contain similar limitations, and which are not properly before the Court at this juncture. Although Convergys cites precedents where provisions in an employment application were found to govern a subsequent employment relationship, those cases were not decided at the motion to dismiss stage. *See*, *e,g,*, *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264 (9th Cir. 1990) (summary judgment); *Circuit City v. Adams*, 532 U.S. 105 (2001) (motion to compel arbitration). Without a more developed factual record, evaluation of the applicability of the employment application to any or all of the claims Cordova is making here is not possible, even assuming it would otherwise be valid and enforceable.[2] Accordingly, Convergys has failed to establish a basis under Rule 12 (b)(6) for dismissing any of the claims as time-barred.

Convergys insists that its motion to strike the jury demand stands on a different basis, in that it is not brought under Rule 12(b)(6), thereby permitting the consideration of evidence without the constraints imposed by the text of that rule and its interpretative case law. While that may be true in the abstract, the motion fails because it still cannot be determined on this record whether or not the

---

legal provisions, as opposed to his personal information. Finally, Cordova complains that the declarant does not use the "magic words" that the proffered document is a "true and correct copy" of the original. These objections do not call into question the authenticity of the proffered document as reflecting the operative legal provisions, signed by Cordova, when he applied for employment with Convergys.

[2] Cordova argues that even if the provisions of the employment application were otherwise applicable, they are unenforceable for a number of reasons, including unconscionability. While it might be possible to infer from the existing record that the adhesive nature of the application satisfies the test for procedural unconscionability and then proceed to an analysis of substantive unconscionability, a more complete evaluation of enforceability also requires consideration of the factual circumstances than is possible at this stage of the proceedings. The declaration Convergys has offered to introduce the employment application only highlights this problem. The declarant presents testimony as to her understanding of the circumstances under which the document was executed. That testimony is *not* appropriately considered on a motion to dismiss, even if the document itself is.

employment application is controlling.[3]  Accordingly, the motion to strike the jury demand will be denied, without prejudice to it being renewed at an appropriate future point in the litigation.[4]

### B. Exhaustion

Despite moving to dismiss the entire complaint as time-barred, Convergys contends that the discrimination claims are not *ripe*, because the complaint alleges that the EEOC has yet to issue a "right to sue" letter.[5]  Convergys has not offered sufficient authority to show that Cordova cannot proceed with his claims based on the "right to sue" letter he received from the DFEH, pending receipt of such a letter from the EEOC, particularly given the work-share relationship between the two agencies.  Additionally, on reply, Convergys appears to have abandoned this argument, specifically seeking dismissal of only claims other than those for discrimination.  Accordingly, this aspect to the motion will be denied.

### C. Fraud

Cordova's complaint sets out two counts for fraud, one labeled as "intentional misrepresentation" and the other as "concealment."  Both are premised on the notion that Convergys did not merely breach contractual promises by terminating him and failing to pay commissions, but that it never intended to honor such promises from the outset—i.e., that Convergys engaged in so-

---

[3] For example, while it may be permissible in the context of the motion to strike to consider evidence offered by declaration as to the circumstances under which the document was executed, Convergys' declarant has only limited personal knowledge of those circumstances. Furthermore, a complete record has not otherwise been developed, not only with respect to the execution of the employment application but also regarding the other documents that may have governed the employment relationship.

[4] Much of the parties' briefing is devoted to arguing the enforceability of the waivers of the statute of limitation and the jury right, and to whether some or all of Cordova's claims were timely-filed in any event, given that he initiated administrative proceeding as to the discrimination claims within six months of his termination. Consideration of these issues would be premature at this point.

[5] On reply, Convergys retreats from its contention that the limitations period of the employment application would bar Cordova's pursuit of his discrimination claims in this forum, not withstanding his filing of administrative claims within the six month period.

called false promise fraud. Wholly apart from the specificity of pleading required by Rule 9(b), Cordova has pleaded no facts from which any inference could be drawn that Convergys lacked the intent to perform any promises it made to Cordova at the time such promises were made. *See Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30 ("'something more than nonperformance is required to prove the defendant's intent not to perform his promise.' [citation]."). Additionally, the complaint alleges the making of the allegedly false promises in only the most general and conclusory terms, with virtually no identification as to the "who, what, where, when, and how" of the representations. Accordingly, the motion to dismiss will be granted as to the fraud claim, with leave to amend, in the event Cordova has a good faith basis to plead additional facts not only as to the specifics of the promises, but also a basis for inferring that Convergys lacked intent to perform when the promises were made.

## V. CONCLUSION

The motion to dismiss is granted with respect to the fraud claims of the complaint, and is otherwise denied. The motion to strike is denied, without prejudice. Any amended complaint shall be filed within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 5/9/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE